**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 02-4117

FARNARDO MANCHINI DUPONT,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Cameron McGowan Currie, District Judge.
(CR-00-742)

Submitted: July 25, 2002

Decided: August 2, 2002

Before WILKINS, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Debra Y. Chapman, DEBRA Y. CHAPMAN, P.A., Columbia, South
Carolina, for Appellant. Marshall Prince, OFFICE OF THE UNITED
STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Farnardo M. Dupont appeals from his conviction and seventy-month sentence imposed following his guilty plea to armed bank robbery in violation of 18 U.S.C.A. §§ 2113(a), (d) (West 2000). Dupont's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but addressing the possibility that Dupont's guilty plea was not knowingly and voluntarily entered. Dupont was informed of his right to file a pro se brief, but has not done so. Because our review of the record discloses no reversible error, we affirm Dupont's conviction and sentence.

We find that Dupont's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. Dupont was properly advised as to his rights, the offense charged, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. *See North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *United States v. DeFusco*, 949 F.2d 114, 119-20 (4th Cir. 1991).

We also find that the district court properly computed Dupont's offense level and criminal history category and correctly determined the applicable guideline range of seventy to eighty-seven months. The court's imposition of a sentence within the properly calculated range is not reviewable. *United States v. Jones*, 18 F.3d 1145, 1151 (4th Cir. 1994).

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Dupont's conviction and sentence. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*